IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02257-LTB-MJW

PAUL ALUDO,

Plaintiff,

v.

DENVER AREA COUNCIL, BOY SCOUTS OF AMERICA, and BOY SCOUTS OF AMERICAN, NATIONAL COUNCIL,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF ELLEN STEIN WALLACE
(DOCKET NO. 35)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion to Quash Subpoena and Motion for Protective Order Regarding the Deposition of Ellen Stein Wallace (docket no. 35). The court has reviewed the subject motion, the response thereto (docket no. 36), and reply (docket no. 40). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In the subject motion, Plaintiff seeks an order from this court quashing the subpoena served by Defendants upon non-party Ellen Stein Wallace, the Executive Director of SafeHouse Denver, Inc. SafeHouse employed Plaintiff after his termination with Defendant Boy Scouts of America ("BSA").

Here, the court finds that "a party has no standing to seek to quash a subpoena served upon a third party, except as to claims of privilege . . . . or upon a showing that there is a privacy interest applicable." Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997). Accordingly, Plaintiff lacks standing to challenge the non-party subpoena served by Defendants upon Ellen Stein Wallace. Moreover, the court finds that the deposition of Ms. Wallace is directly relevant to the issues raised in the pleadings and in the Plaintiff's vocational rehabilitation expert report (i.e., report by Cynthia Kizer-Jaqua MA., CRC) and is reasonably calculated to lead to the discovery of admissible evidence regarding such claims and defenses (e.g., failure to mitigate damages) raised in the pleadings. *See* fifth, sixth, and seventh claims for relief in Complaint. Lastly, Plaintiff has failed to meet his burden of proof for a protective order under Rule 26(c), which may be issued for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

    1.    That Plaintiff's Motion to Quash Subpoena and Motion for

Protective Order Regarding the Deposition of Ellen Stein Wallace (docket no. 35) is **DENIED**; and,

2. That each party shall pay their own attorney fees and costs.

Done this 18th day of December 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE