IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-02257-LTB-MJW

PAUL ALUDO,

      Plaintiff,

v.

DENVER AREA COUNCIL, BOY SCOUTS OF AMERICA,
and
BOY SCOUTS OF AMERICA, NATIONAL COUNCIL,

      Defendants.

_____

**ORDER**
_____

This employment discrimination case is before me on Plaintiff, Paul Aludo's, Motion to Strike Portions of Affidavits [**Docket # 104**], Defendants, Denver Area Council's and Boy Scouts of America's, Response [**Docket # 108**], and Plaintiff's Reply [**Docket # 113**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT in part and DENY in part Plaintiff's Motion to Strike Portions of Affidavits [**Docket # 104**].

The relevant facts are as follows. Plaintiff is a former employee of Defendants. Plaintiff is African-American and over the age of 40. Plaintiff was hired by Boy Scouts of America, National Council in February 1986 and began working with the Denver Area Council in January 1994. On or shortly after March 11, 2005, Plaintiff was advised by the Scout Executive of the Denver Area Council that his current position as Field Director was being eliminated and his employment terminated. Plaintiff claims he would have been eligible for health and retirement

benefits if he had remained in Defendants' employ through February 2006—his 20-year employment anniversary. Plaintiff claims he was illegally terminated or passed over for promotion based on his race/color/national origin, age, and seniority.

On or about April 15, 2005, the Denver Area Council was placed on notice that Plaintiff believed he had been illegally terminated due to his race/color/national origin, age, and seniority. Plaintiff claims additional positions became available after his termination, but he was not considered for those positions—although he maintains he was qualified—in retaliation for his decision to pursue his discrimination claims. Plaintiff also claims he applied for positions with other Area Councils, but was not offered these positions in retaliation or because of his race/color/national origin and age.

Plaintiff filed a complaint on November 9, 2006, claiming: (1) race and national origin discrimination in termination, in violation of Title VII; (2) race and national origin discrimination in termination, in violation of 42 U.S.C. § 1981; (3) age discrimination in termination, in violation of the ADEA; (4) retaliation in violation of Title VII; (5) retaliation in violation of 42 U.S.C. § 1981; (6) retaliation in violation of the ADEA; and (7) ERISA retaliation for terminating Plaintiff before his 20-year benefits package became active.

Defendants filed their respective motions for summary judgment on March 12, 2008. [**Docket ## 60, 62**]. Defendants included affidavits from various employees. Plaintiff objects to portions of these affidavits as containing inadmissible hearsay, opinion, speculative information, and irrelevant information.

At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Parties may, for

example, submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Nonetheless, "the content or substance of the evidence must be admissible." *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995). "Thus, for example, at summary judgment courts should disregard inadmissible hearsay statements *contained* in affidavits as those statements could not be presented at trial in any form." *Argo*, 452 F.3d at 1199. Courts should also disregard statements in affidavits that are not based upon personal knowledge, are speculative or otherwise unsubstantiated, or are conclusory and self-serving. *See id.*; *Thomas*, 48 F.3d at 485; *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). Accordingly, affidavits that contain speculation or hearsay without factual support, and statements in an affidavit prefaced by the phrases "I believe" or "upon information and belief" or those made upon an "understanding," are properly subject to a motion to strike. *Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994) (citing *Carey v. Beans*, 500 F. Supp. 580, 583 (E.D. Pa. 1980)). Likewise, affidavits which contain conclusions of law or ultimate facts, or contain arguments and inferences, should be struck. *See Carey*, 500 F. Supp. at 583 (discussing cases).

Plaintiff has submitted "blacked out" copies of the original affidavits submitted by Defendants. None of the "blacked out" language appears to include statements offered to prove the truth of the matter asserted. Instead—to the extent any of the "blacked out" language includes a "statement" at all—such statements appear to be offered merely to show the effect of such statements on the state of mind of the listener, or to show that certain instructions

encompassed by such statements were made. Such statements do not amount to inadmissible hearsay. *See, e.g., Faulkner v. Super Valu Stores*, 3 F.3d 1419, 1434–35 (10th Cir. 1993) (holding statements offered to establish employer's state of mind when making its hiring decisions are not offered for the truth of the matter asserted and are not, therefore, hearsay); *United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth. The orders or instructions were offered to show that they occurred rather than to prove the truth of something asserted.").

A review of the "blacked out" statements does, however, reveal some statements that are inadmissible as statements of speculation or belief and/or because they are not based upon personal knowledge.

Accordingly, and for the reasons stated below, IT IS ORDERED that the affidavits of Earl Wright [**Docket # 63-14**], G. Jackson Tankersley, Jr. [**Docket # 63-12**], Jeffrie Herrmann [**Docket # 63-13**], Shane Calendine [**Docket # 63-11**], Anthony Gibbs [**Docket # 61-14**], and James D. Stone [**Docket # 61-13**] be stricken for purposes of the pending summary judgment motions as follows:

1. Affidavit of Earl Wright [**Docket # 63-14**]: The following phrase in paragraph 10—"In the face of these tall marching orders"—is stricken as speculative and for lack of personal knowledge;

2. Affidavit of G. Jackson Tankersley, Jr. [**Docket # 63-12**]: The following language in paragraph 8—"Mr. Fitzgibbon believed that Mr. Aludo could still add value to another local council that perhaps demanded less of its professionals or expected a different leadership style than the DAC. For that reason"—is stricken as speculative and for lack of personal knowledge;

4

and the following phrase in paragraph 14—"and I think other members of the Board of Trustees shared this belief"—is stricken as speculative and for lack of personal knowledge;

    3. Affidavit of Jeffrie Herrmann [**Docket # 63-13**]: The following sentence in paragraph 21—"I believe that Plaintiff knew that the DAC was looking to fill open positions in the finance department, as well as the Director of Field Service position, before his employment with the DAC ended because Plaintiff knew the incumbents in those positions were leaving"—is stricken as speculative and for lack of personal knowledge;

    4. Affidavit of Shane Calendine [**Docket # 63-11**]: The following sentence in paragraph 10—"Nevertheless, because Mr. Fitzgibbon believed that Mr. Aludo was a loyal employee, Mr. Fitzgibbon remained committed to keeping him on the Denver Area Council payroll until he found another position with another local council"—is stricken as a statement of speculation or belief and for lack of personal knowledge; the following phrase in paragraph 14—"Mr. Fitzgibbon and I both believed"—contains speculative statements and is partially stricken to read "I believed"; and the following phrase in paragraph 27—"but I assume that the Board of Trustees, or at least the Key 5, were kept apprised of his decision making process"—is stricken as a statement of speculation or belief and for lack of personal knowledge;

    5. Affidavit of Anthony Gibbs [**Docket ## 61-14, 64**]: The following sentence in paragraph 6—"I highly doubt that I would have invested the money in flying Mr. Aludo to Chicago for an interview but for Mr. Hermann's recommendation of him through my Scout Executive James D. Stone ('Jim')"—is stricken as a statement of speculation or belief; the following sentence in paragraph 10—"Mr. Stone was not vehemently opposed to hiring Mr. Aludo but he did not enthusiastically support it either"—is stricken as a statement of speculation

5

or belief and for lack of personal knowledge; and the following sentence in paragraph 11—"In this regard, Mr. Aludo's race and national origin were probably positive factors to Mr. Stone"—is stricken as a statement of speculation or belief and for lack of personal knowledge;

     6.  Affidavit of James D. Stone [**Docket # 61-13**]: The following sentence in paragraph 5—"Because of the financial investment involved in interviewing Mr. Aludo, I am confident that I reached out to Jeff Herrmann, Scout Executive for the Denver Area Council, and Tom Fitzgibbon, former Scout Executive of the Denver Area Council who, at that time, served as the Regional Director for the Western Region of the Boy Scouts of America—National Council"—is stricken as a statement of speculation or belief.

Dated: July 8, 2008

                                      BY THE COURT:

                                      *s/ Lewis T. Babcock*
                                      Lewis T. Babcock, Judge